FILED
2009 Aug-17 PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES EARL THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 2:09-CV-01246-LSC |
| | ) |
| ELISE BARCLAY, in her official capacity as Judge of the Family Court, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OF OPINION

I.   Introduction.

The Court has for consideration a motion to dismiss, which was filed by defendant Elise Barclay, Circuit Judge for the 10th Judicial Circuit of Alabama, on July 15, 2009. (Doc. 5.) Plaintiff James Earl Thomas ("Thomas"), proceeding in this action pro se, seeks declaratory and injunctive relief against the "State Court of Alabama" and "Elise Barclay, in her official capacity as Judge of the Family Court," pursuant to 42 U.S.C. § 1983. (Doc. 1.)

Thomas contends that default judgment establishing paternity and

child support was entered against him in the Family Court of Jefferson County, Alabama ("the Family Court"), on or about April 9, 1992. After a contempt petition was issued in or around January 2008, Thomas sought to introduce evidence to the Family Court showing he does not owe money for child support. Judge Barclay has since postponed a number of hearings and informed one of Thomas's witnesses that she did not have to attend the next hearing. A hearing is currently scheduled for September 16, 2009. Thomas has filed a writ of mandamus with the Alabama Court of Civil Appeals and the Alabama Supreme Court, seeking an order to let him be allowed to introduce documents and witnesses on his behalf to the Family Court. Both writs were denied. Thomas now seeks relief from this Court. He requests a declaration that he has a constitutional right to have witnesses and present evidence at the September 16th hearing or any future hearing. Thomas also asks for an injunction against cancellation of the September 16th hearing, an injunction enforcing the subpoenas he has issued, and an injunction giving him the opportunity to subpoena witnesses and documents.

II.   Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule

of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007)(internal citations omitted).[1] The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 1974.

---

[1] The Supreme Court in *Bell Atl. Corp. v. Twombly* abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*. *See Bell Atl. Corp.*, 127 S.Ct. at 1968 (quoting *Conley*, 355 U.S. 41, 45-46 (1957)). The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp.*, 127 S.Ct. at 1960.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003)(quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997). Moreover, a court must be particularly liberal in interpreting the "inartful pleading" of a pro se plaintiff. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

III.    Discussion.

First, the Court notes that while Judge Barclay is listed in the heading of Plaintiff's Complaint, Thomas describes "Alabama Court" in the body of the Complaint as the party defendant to this action.  (Doc. 1 ¶ 5.)  Alabama state courts are agencies of the State of Alabama and wholly immune from suit under § 1983.  *See, Alabama v. Pugh*, 438 U.S. 781 (1978); Ala. Code § 12-11-1 (1975).  Therefore, to the extent Plaintiff seeks relief against an Alabama state court, those claims are due to be dismissed in their entirety.

Judge Barcklay argues that she is also entitled to immunity from suit. However, Plaintiff made it clear throughout his complaint and opposition memorandum that he only seeks declaratory and injunctive relief.  "While damages actions are not permitted against state judicial officers acting in their official capacities, injunctive relief is allowed." *Paisey v. Vitale in and for Broward County*, 807 F.2d 889, 892 (11th Cir. 1986).

"In order to receive declaratory or injunctive relief, [however,] plaintiffs must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not

granted, and the absence of an adequate remedy at law." *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005) (quoting *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000)); *see also Pompey v. Broward County*, 95 F.3d 1543, 1546 (11th Cir. 1996) (quoting *Younger v. Harris*, 401 U.S. 37, 43-44 (1971) ("[It is the] basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.")). An adequate remedy at law includes the opportunity to file an appeal or seek writs of mandamus. *See Bolin*, 225 F.3d at 1242-43.

According to Plaintiff's Complaint, Judge Barclay has postponed hearings and informed a witness that she does not need to attend the next hearing. Assuming these facts are true, they do not establish a violation of Plaintiff's rights under the U.S. Constitution or federal statutes. Morever, it is not evident from the Complaint that Judge Barclay has decided whether Thomas may present evidence at the contempt proceeding, or that the failure to present evidence would cause him irreparable injury. When that decision is made, Plaintiff has an adequate remedy at law if he disagrees; he can timely file and pursue an appeal.

IV.Conclusion.

For the reasons stated above, Defendant's motion to dismiss will be granted. A separate order will be entered.

Done this 17th day of August 2009.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297